**NUTTY, Ex'r., v. HILL et al.**

No. 23059. Opinion Filed Jan. 26, 1932.

Rehearing Denied May 24, 1932.

Application for Leave to File Second Petition for Rehearing Denied June 21, 1932.

W. H. Woods, for plaintiff.

J. K. Wright, W. F. McLaury, and H. F. Tripp, for defendants.

KORNEGAY, J. This is an application for mandamus by one named as executor in a will disinheriting an only heir, a daughter, and giving the estate to two fraternal orders. The will was refused probate by the county court of Oklahoma county. Appeal was taken by the beneficiaries and the one named as executor to the district court of Oklahoma county. On June 25, 1931, on motion of the beneficiaries in the will, an order was entered, as follows:

"The motion of the Rebeccas and Independent Order of Odd Fellows of the state of Oklahoma to dismiss their appeal from the decision of the county court of Oklahoma county, state of Oklahoma, rendered on May 14, 1931, came on for hearing this 25th day of June, 1931, and,

"The court being fully informed in the premises, and on consideration thereof, finds that said appeal should be and the same is hereby dismissed with prejudice at the costs of said appellants.

"(Signed) John L. Norman,
"Assigned District Judge."

On July 17, 1931, motion was filed by the petitioner here for an order setting aside the order of dismissal, on the ground that he was an appellant, and "did not know the contents of the motion to dismiss this appeal made by other appellants until after the order purporting to dismiss the same was made and filed; that therefore there was irregularity in obtaining said order." The prayer was to vacate the order of dismissal and to reinstate the appeal. On August 8th, an order was made as follows:

"Now, on this the 8th day of August, 1931, this matter coming on regularly to be heard upon the motion of Joe Nutty, to reinstate the appeal wherein this matter was appealed from the county court of Oklahoma county,

Okla., and the movant being represented by W. H. Woods, his attorney, and the contestants, the Independent Order of Odd Fellows and the Rebeccas, being represented by J. K. Wright, their attorney, and no one appearing for Norma Wynona Delfino, and the court having heard argument and being fully advised in the premises, finds that said motion to reinstate this appeal should be overruled.

"It is therefore ordered, that said motion and application to reinstate the appeal herein, be and the same is hereby denied and overruled and that this matter be remanded to the county court of Oklahoma county, Okla., for further procedure, to which action of the court, Joe Nutty, the movant, by his attorney, duly excepted and the exception is allowed and the said movant serves notice in open court of his intention to appeal from said order to the Supreme Court of the state of Oklahoma and the court directs the court clerk to enter upon the trial docket the notice of said appeal to the Supreme Court and the said movant having prayed an appeal to the Supreme Court and an extension of time in which to make and serve case-made. It is ordered that an extension of 60 days from this date be granted said appellant to make and serve case-made, the contestants to have ten days thereafter to suggest amendments, same to be settled in five days' notice in writing by either party.

"(Signed) R. P. Hill, Judge."

On October 24th, further order was made, as follows:

"On this 24th day of October, 1931, comes on to be heard, pursuant to a purported assignment thereof, the above-entitled cause.

"Joe Nutty appeared by his attorney of record, W. H. Woods, and the Independent Order of Odd Fellows and the Rebeccas being represented by J. K. Wright, one of the attorneys of record.

"Thereupon J. K. Wright, as attorney of record as aforesaid, presented an oral objection to the jurisdiction of the court to try and hear said cause at this time, for the reason that said cause and all issues herein involved have been dismissed by order of the court entered herein on the 25th day of June, 1931. Thereupon the matter of said objection was presented to the court and arguments made and the court having been advised in the premises upon consideration thereof finds:

"That this case and the issues herein involved was dismissed by order of this court entered on the 25th day of June, 1931; that thereafter, and on the 17th day of July, 1931, said Joe Nutty, by his attorney of record, filed herein his motion to reinstate said appeal; and that thereafter and on the 13th day of August, 1931, the said motion to reinstate said appeal was by this court duly considered and that at said time the various issues in said case were presented by the respective parties hereto, and that upon consideration thereof the court overruled said motion to reinstate said appeal, and further ordered, 'that this matter be remanded to the county court of Oklahoma county, Okla., for further procedure. * * *

"This court further finds that by reason of the procedures hereinbefore had this cause should not have been set for trial in this court and that this court does not now have jurisdiction to try and determine any of the issues thereof.

"It is therefore, decreed by this court that said cause is not now pending in this court, and that this court does not now have jurisdiction to try and determine any of the issues thereof, and the court refuses to proceed further with this cause, to which action of the court Joe Nutty, executor, excepts, and exceptions are allowed.

"(Signed) Geo. W. Clark,
"District Judge."

The situation as presented here by the briefs and the orders made is such that we do not think we should interfere by mandamus. It is claimed in one brief that the beneficiaries and the heir, who contested the will successfully in the county court, have compromised their differences, and for that reason the dismissal of the appeal was sought. The pleadings of the defendants so affirm, and there does not appear a denial of the settlement except in the reply brief. If this be true, one of the questions that was probably presented to the judges below was whether the executor of the will was entitled to wage a contest at the expense of the beneficiaries, whether heir or devisee or legatee, against their wishes and after they had settled their differences. We think that the plaintiff, if he desired to get the action of the court in that matter reviewed and reversed, should have instituted proceedings in error to this court. Evidently he thought so, from his taking time to do so, and having prayer of appeal entered on the record. He changed his mind and sought to have the actions of Judge Norman and Judge Hill reviewed by Judge Clark on a motion to set the case for hearing. We think he should not have thrown this burden on the district court. Inexplicable confusion would follow such practice. For us to interfere by mandamus would make "confusion worse confounded."

We have examined the authorities cited by both sides. We do not think they would justify interference by us in this proceeding. Undoubtedly, viewing the jurisdiction of the district court as by the Constitution provided, the office of judge of that court is one of the most important we have, carrying with it in practical operation the highest responsibility. From most of its decisions

some form of appeal is provided. In practical operation, however, the few can appeal, the many must abide. The question of life or death frequently is before it. The magnate is there surrounded by all the power of wealth and the glamor of purchased intellectuality. The widow's complaint, the orphan's cry, are there heard, and persons from every walk in life are brought to its portals. Under such conditions it is highly important that its judges be protected from unwarranted interference, as well as reprisal, under the guise of legal procedure. We think the practice of coming to this court by application for mandamus and prohibition, as applied to district judges, should not be encouraged in ordinary cases, where a remedy is otherwise provided by direct appeal, though in an extraordinary case we would not hesitate in applying an extraordinary remedy.

We see no reason why the order in this case should be granted. The application is therefore dismissed at the cost of petitioner.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and ANDREWS, J., absent.